CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 16 2008

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:02-cr-00111-3 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RONALD CLARENCE WILSON | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |

By order entered on March 3, 2008, the court denied defendant's 18 U.S.C. § 3582(c)(2) motion seeking recalculation of his sentencing guidelines range pursuant to Amendment 706[1] to the United States Sentencing Guidelines, regarding crack cocaine sentencing, and a corresponding reduction of his sentence. The denial was based on the following reasoning: "Defendant's multiple drug and cash conversions to marijuana equivalents result in no change to the base offense level under the amended guidelines. Therefore, Defendant is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2)." Thereafter, on April 1, 2008, the court denied defendant's motion seeking reconsideration of the court's order of March 3, 2008. On May 9, 2008, the court denied defendant's motion seeking an extension of time within which to file yet another motion seeking reconsideration. Also on May 9, 2008, the court issued a notice to defendant and interested parties that defendant qualifies for consideration of having his base offense level reduced by two points in accordance with the policy of thte U.S. Sentencing Commission, and that the court intends to grant the reduction and to reduce his sentence proportionately. The parties were given fourteen days within which to object to the court's order.

---

[1] This Amendment was presented to Congress on May 1, 2007, as Amendment 9; however, it became effective, on November 1, 2007, as Amendment 706 of the United States Sentencing Guidelines. See U.S. SENTENCING GUIDELINES MANUAL supplement to app. C (2007). Amendment 711 amends Amendment 706 to change the commentary regarding the determination of base offense levels in offenses involving additional controlled substances. Id. Amendment 713 makes Amendment 706 retroactively applicable, effective March 3, 2008. See U.S. SENTENCING GUIDELINES MANUAL supplement to 2007 supplement to app. C (2008).

The case is now before the court upon consideration of defendant's motion, filed May 14, 2008, seeking a reduction of sentence on the ground that U.S.S.G. 4A1.2(c) was amended, effective November 1, 2007, by Amendment 709 of the U.S.S.G.[2] However, if an amendment to the Guidelines is not listed in U.S.S.G. § 1B1.10(c) as an amendment which is to be retroactively applied, then the amendment may not serve as a basis for retroactively reducing a defendant's sentence pursuant to Section 3582(c)(2). United States v. McHan, 386 F.3d 620 (4th Cir. 2004) (citing United States v. Armstrong, 347 F.3d 905, 909 (5th Cir. 2003) ("We agree with several of our sister circuits [2d, 3d, 6th, 8th, 10th] that have established a bright-line rule that amendments in § 3582(c) motions may be retroactively applied *solely where expressly listed under § 1B1.10(c).*" (emphasis added))). U.S.S.G. 1B1.10(c) states: "Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711." Therefore, it is hereby **ORDERED** that the instant motion [docket no. 82] to reduce sentence pursuant to § 3582(c) shall be and hereby is **DENIED**.[3]

The Clerk is directed to send a certified copy of this order to defendant.

ENTER: This 16th day of May, 2008.

*[signature]*
Senior United States District Judge

---

[2] Defendant states that Amendment 711 amended 4A1.2(c). However, as noted above, Amendment 711 amends Amendment 706 to change the commentary regarding the determination of base offense levels in offenses involving additional controlled substances. See n. 1, supra. Here, defendant asserts that his criminal history includes "driving with suspended licenses and or []driving under the influence," which in his view should no longer count, given the amendment to 4A1.2(c).

[3] Out of an abundance of caution, defendant is again advised that, as a general matter, there is no right to a hearing and the assistance of counsel on consideration of a motion for reduction of sentence under § 3582(c). See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'"), quoting United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999).